**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

FRANK RODRICK,

        Petitioner,

v.                                                                                           Case No. 3:20-cv-173-J-32JRK

MICHAEL CORRIGAN, Duval County Tax
Collector, JERRY HOLLAND, Duval County
Tax Collector, PAMELA JO BONDI, Florida
State Attorney General, and UNITED
STATES ATTORNEY GENERAL, at U.S.
Department of Justice,

        Respondents.

---

### REPORT AND RECOMMENDATION[1]

This cause is before the Court on the Motion to Confirm Arbitration Award (Doc. No. 1; "Motion"), filed February 24, 2020. In the Motion, Plaintiff requests that the Court confirm a "Final Arbitration Award" (Doc. No. 1-1) ("Award") issued by Sitcomm Arbitration Association ("SAA"). Plaintiff did not accompany the case-initiating Motion with the $400.00 filing fee or a request to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915(a)(1). Instead, he sent a money order for $47.00 that was unsigned. Accordingly, on February 26, 2020, the Court entered an Order (Doc. No. 2) directing Plaintiff to either pay the $400.00 filing fee no later than March 25, 2020 or complete and file an Application to

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

Proceed in District Court Without Prepaying Fees or Costs no later than March 25, 2020. The Court also advised Plaintiff that the Motion was likely to be denied.

On April 6, 2020, Plaintiff filed a document (Doc. No. 3) responding to the Court's February 26, 2020 Order ("Response"). In the Response, Plaintiff essentially asserts that he will not pay the required $400.00 filing fee because a "Denver District Court . . . specified $47.00 [w]as appropriate for this matter." Response at 1. According to Plaintiff, this case is a miscellaneous matter. See id. Plaintiff argues that "[t]his will be a simple 20-minute review." Id.

The undersigned finds that this case is due to be dismissed for failure to prosecute as Plaintiff refuses to pay the required filing fee. This case was properly filed as a civil case, not a miscellaneous one, and a $400.00 filing fee is thus required. In addition to the Court's Order advising Plaintiff that the correct filing fee is $400.00, the Clerk of Court sent Plaintiff a letter on or around February 26, 2020 advising him that the filing fee is $400.00 and that his money order for $47.00 was returned because it was unsigned and for the incorrect amount. The advisement of the "Denver District Court" is irrelevant to this case commenced in the Middle District of Florida.

Alternatively, the Motion is due to be denied because the Award does not appear to be a valid arbitration award. As one court described another arbitration award by SAA, the Award here is "a bizarre jumble of inconsistent, nonsensical word salad." U.S. Bank Nat'l Ass'n v. Nichols, 2019 WL 4276995, at *2 (N.D. Okla. Sept. 10, 2019) (unpublished). Another court observed that "[t]here has been a recent rash of cases involving arbitration awards issued by arbitrators with SAA" that have been filed in a number of jurisdictions. Teverbaugh v. Lima One Capital, LLC, No. CV219MC159KSMTP, 2020 WL 448259, at *2

n.1 (S.D. Miss. Jan. 28, 2020) (unpublished) (collecting cases). The motions to confirm the arbitration awards in these cases have been routinely denied. See, e.g., Meekins v. Lakeview Loan Servicing, LLC, No. 3:19CV501 (DJN), 2019 WL 7340300, at *8 (E.D. Va. Dec. 30, 2019) (unpublished); Brown v. Ally Fin. Inc., No. 2:18-CV-70-KS-MTP, 2019 WL 6718672, at *4 (S.D. Miss. Dec. 10, 2019) (unpublished); Kalmowitz v. Fed. Home Mortg. Corp., No. CV619MC00010JCBJDL, 2019 WL 6249298, at *4 (E.D. Tex. Oct. 22, 2019) (unpublished), report and recommendation adopted, No. 6:19-MC-00010, 2019 WL 6249426 (E.D. Tex. Nov. 21, 2019) (unpublished).[2]

Based on the foregoing, it is

**RECOMMENDED**:

1.    That this case be **DISMISSED without prejudice** for failure to prosecute pursuant to Rule 3.10(a), Local Rules, United States District Court, Middle District of Florida, and that the Clerk of Court be directed to terminate all pending motions and close the file.

---

[2]    The "About Us" page on SAA's website provides as follows:

> We are small [sic] group of individuals who have come together with our unique skills and history to help those who seek to resolve their contractual disputes and other matters in a peaceful setting.
>
> Our goal in [sic] our aim is to help individuals reduce the burden on government, their courts, and their other administrative agencies. One way we do this is by helping the consumer with a preformatted generalize [sic] contract that includes all of the elements necessary for enforcement.
>
> As was brought out by the state of New Hampshire, the corporate state officials have by their silence deceived the American people, we are attempting to help balance or right the wrong/ship [sic].

See About Us, Sitcomm Arbitration Association, https://saalimited.com/More%20about%20us.html (last visited April 13, 2020).

  2. Alternatively, that the Motion to Confirm Arbitration Award (Doc. No. 1) be **DENIED**, and that the Clerk of Court be directed to terminate all pending motions and close the file.

**RESPECTFULLY RECOMMENDED** in Jacksonville, Florida on April 13, 2020.

*/s/ James R. Klindt*
**JAMES R. KLINDT**
United States Magistrate Judge

bhc
Copies to:

Honorable Timothy J. Corrigan
United States District Judge

Pro se party